IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) ) | |
| EZEFLOW USA, INC., ) ) | COMPLAINT AND JURY TRIAL DEMAND |
| Defendant. ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Adam Brant, who was adversely affected by such practices. As alleged with greater particularity in paragraphs 8-16 below, the U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant EZEFLOW USA, Inc. ("Defendant") refused to provide Brant with a reasonable accommodation of unpaid leave, and subsequently terminated his employment because of his actual disability in violation of the ADA.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1)& (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3) and 2000e.

4. At all relevant times, Defendant, EZEFLOW USA, Inc., (the "Defendant"), a Delaware corporation, has continuously been doing business in the Commonwealth of Pennsylvania, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Adam Brant filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least on or about December 2012, Defendant has engaged in unlawful employment practices at its New Castle, Pennsylvania facility, in violation of Sections 102(a),

(b)(1), & (b)(5)(A) of the ADA, 42 U.S.C. §§ 12112(a), (b)(1), & (b)(5)(A).

9. At all relevant times, Adam Brant has been a qualified individual within the meaning of Section 101(8) of the ADA, 42 U.S.C. § 12111(8), and was able to perform the essential functions of his job of maintenance technician with or without a reasonable accommodation.

10. Brant is a former U.S. Marine who served in both Iraq and Afghanistan. Brant had, and continues to have, a mental impairment, post-traumatic stress disorder ("PTSD"), that has caused him, and continues to cause him, to be substantially limited in performing major life activities, including but not limited to caring for himself, performing manual tasks, interacting with others, walking, and neurological/brain function. For instance, during the period December 2012 to January 2013, Brant experienced highly frequent seizure episodes related to PTSD during which he was completely debilitated.

11. On or about September 17, 2012, Brant began his employment with Defendant as a Maintenance Technician. Brant was required to complete a 90-day probationary period before he would be eligible for certain benefits.

12. On or about December 4, 2012, Brant suffered the first of many seizures, and he sought immediate medical attention. He used his allotted sick leave days through Friday, December 7, 2012, to seek medical treatment.

13. Brant's treating neurologist recommended that Brant be off work for six weeks, and specifically restricted him from driving, heights and working with heavy machinery.

14. On December 10, 2012, Brant presented his doctor's letter describing his restrictions to Defendant. During a meeting with Defendant's human resources representative Maria Martin, Brant requested unpaid leave. At the time of his request, Brant had not yet

completed his 90-day probationary period.

15. At all relevant times, including during the period that Brant communicated his work restrictions to Defendant, Defendant provided its non-probationary employees with up to 26 weeks of paid leave.

16. On or about December 10, 2012, Defendant denied Brant's request for a reasonable accommodation of six weeks of unpaid leave and, as a consequence, terminated his employment because of his disability. Defendant failed to offer and refused to consider the option of unpaid leave to accommodate Brant's disability.

17. The effect of the practices complained of in paragraphs 8-16 above has been to deprive Adam Brant of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

18. The unlawful employment practices complained of in paragraphs 8-16 above were intentional.

19. The unlawful employment practices complained of in paragraphs 8-16 above were done with malice or with reckless indifference to the federally protected rights of Adam Brant.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disability discrimination, including discharge because of disability and denial of reasonable accommodations such as unpaid medical leave for disabled employees regardless of probationary status, and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs that

provide equal employment opportunities for disabled employees and applicants.

    C.    Order Defendant to pay Adam Brant appropriate back pay in amounts to be determined at trial, prejudgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

    D.    Order Defendant to make whole Adam Brant by providing compensatory damages for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-16, above, in amounts to be determined at trial.

    F.    Order Defendant to make whole Adam Brant by providing compensatory damages for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 8-16, above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

    G.    Order Defendant to pay Adam Brant punitive damages for the malicious and reckless conduct described in paragraphs 8-16, above, in amounts to be determined at trial.

    H.    Grant such further relief as the Court deems necessary and proper in the public interest.

    I.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    Respectfully submitted,

    EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

    P. DAVID LOPEZ
    GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

*/s/*
DEBRA M. LAWRENCE
Regional Attorney
EEOC – Philadelphia District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
(410) 209-2734
(410) 962-4270 (facsimile)

*/s/*
RONALD L. PHILLIPS
Supervisory Trial Attorney
EEOC – Baltimore Field Office
City Crescent Building, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2737
(410) 962-4270 (facsimile)

*/s/*
DEBORAH A. KANE
Senior Trial Attorney
Pa. I.D. 92531
EEOC – Pittsburgh Area Office
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA  15222
(412) 395-5866
(412) 395-5749 (facsimile)
deborah.kane@eeoc.gov