IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) Civil Action No. 2:14-cv-527 ) |
| v. | ) Hon. Maureen P. Kelly ) |
| EZEFLOW USA, INC., | ) ) ) |
| Defendant. | ) |

*COURT APPROVED*
**CONSENT DECREE**

### THE LITIGATION

1.　This action was instituted by the U.S. Equal Employment Opportunity Commission ("the EEOC") on April 22, 2014, against Defendant EZEFLOW USA, Inc. ("Defendant"), to enforce provisions of Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"). In its Complaint, the EEOC alleged that Defendant subjected Charging Party Adam L. Brant ("Mr. Brant") to unlawful denial of reasonable accommodation and discharge because of his disabilities in violation of Sections 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. Sections 12112(a) and 12112(b)(5)(A). Defendant denies any violation of the ADA and states that it engaged in the interactive process to identify a reasonable accommodation for Mr. Brant, that it did in fact provide a reasonable accommodation to Mr. Brant in the form of an alternative "paid leave," and Defendant further states that the EEOC has nonetheless claimed that Defendant should have provided a lesser accommodation to Mr. Brant – an unpaid leave. Under these circumstances, Defendant denies that it violated the ADA in any way.

2.　The parties agree that this Consent Decree does not constitute an admission by Defendant of any violation of the ADA or any other anti-discrimination laws.

1

3. In the interest of resolving this matter and the avoidance of the unnecessary litigation expenses, and as a result of having engaged in mediation, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally resolves any and all claims and issues stated in the Complaint.

## FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

(a) This Court has jurisdiction of the subject matter of this action and of the parties.

(b) The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the parties, Mr. Brant, and the public interest are adequately protected by this Decree.

(c) This Decree conforms with the Federal Rules of Civil Procedure and the ADA, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the ADA and will be in the best interests of the parties, Mr. Brant, and the public.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## INJUNCTION

5. Defendant, its officers, directors, management employees, successors, and assigns are enjoined from any present or future violations of the ADA that deny employees with disabilities unpaid leave as a reasonable accommodation when such accommodation is not an undue hardship; discharging employees with disabilities as a result of unlawful denial of unpaid leave; implementing unpaid leave policies that preclude probationary employees with disabilities from receiving leave under such policies, when necessary as a reasonable accommodation and not an undue hardship; and declining to provide unpaid leave to employees with disabilities that

is required under the ADA because of their status as probationary employees, when necessary as a reasonable accommodation and not an undue hardship. In addition, Defendant, its officers, directors, management employees, successors, and assigns are enjoined from retaliation of any kind against any applicant, employee or former employee because such individual, either in the past or in the future: (a) requested and/or received relief in accordance with this Decree; or (b) asserted any rights under this Decree. In this regard, Defendant shall not take any action against any applicant, employee or former employee which constitutes intimidation, coercion, retaliation, harassment, or interference with the exercise of such individual's rights under the ADA because of the filing of Charge No. 533-2012-00555 with the EEOC, which forms the basis for this case, or because such individual(s) gave testimony or assistance, or participated in any manner in any investigation or proceeding in connection with this case under the ADA.

6. In the event that Defendant revises its leave policy to grant paid leave to probationary employees, Defendant shall not deny paid leave to probationary employees in a manner inconsistent with the requirements of the ADA.

## MONETARY RELIEF

7. Defendant agrees to pay monetary relief to Mr. Brant in the total amount of Sixty-Five Thousand Dollars ($65,000.00), of which Fifteen Thousand Eighty-One Dollars ($15,081.00) shall constitute back pay with interest and Forty-Nine Thousand Nine Hundred Nineteen Dollars ($49,919.00) shall constitute compensatory damages for emotional distress and past pecuniary loss. Defendant shall issue one check for the back pay amount (less applicable tax withholdings) and a second check for the compensatory damages amount. The checks will be made out to "Adam L. Brant." The amount treated as back pay shall be paid less the employee's share of applicable payroll tax withholding which includes federal income tax withholdings, state

3

income tax withholdings, any applicable local income tax withholdings, and the payee's share of federal Social Security and Medicare withholdings (i.e., FICA and any other related tax).

8. The payments referenced in Paragraph 7 shall be made within 30 days of the entry of this Consent Decree by the Court. At the time such tax documents are issued to other employees, Defendant shall issue to Mr. Brant an IRS Form W-2 for the monetary relief amount constituting back pay and a Form 1099-MISC for the monetary relief amount constituting compensatory damages.

9. Defendant will mail the checks for monetary relief to Mr. Brant via express overnight mail or certified mail, return receipt, at an address to be provided by the EEOC. Defendant will mail a photocopy of the checks to the EEOC, to the attention of Regina M. Andrew, Senior Trial Attorney, U.S. Equal Employment Opportunity Commission, Baltimore Field Office, 10 S. Howard Street, Suite 3000, Baltimore, MD 21201, within fifteen (15) days of the date of mailing of the checks to Mr. Brant.

### EQUITABLE RELIEF: UNPAID LEAVE POLICY MODIFICATION AND PUBLICATION

10. Defendant shall ensure that any and all policies related to unpaid leaves of absence do not provide that probationary employees with disabilities are ineligible for unpaid leave, when necessary to provide reasonable accommodation and not an undue hardship. Within thirty (30) days of entry of this Decree, should it be necessary for Defendant to modify its unpaid leave policies to comply with the preceding sentence, Defendant shall disseminate a copy of its modified unpaid leave policies to all employees and provide to EEOC counsel of record a copy of all such modified policies and a declaration from a responsible Defendant official authenticating the modified policies and verifying that they have been disseminated to all employees.

## EQUITABLE RELIEF: REPORTING TO EEOC

11. Commencing six (6) months after entry of this Decree by the Court, Defendant shall provide semi-annual reports to EEOC identifying, for the preceding six month period, any probationary employee requests for unpaid leave that have been denied, either in-whole or in-part, by Defendant. Such reports shall set forth the names of the employees, last known home addresses, last known medical conditions relevant to the requests, dates of their requests, and Defendant's reasons for complete or partial denial of the requests. Defendant shall append to all such reports copies of the personnel or medical documents related to the specific requests. Defendant's report to the Commission must be sent to the Commission's Baltimore Field Office, to the attention of Senior Trial Attorney Regina M. Andrew.

## EQUITABLE RELIEF: TRAINING

12. Within sixty (60) days from the entry of this Decree, and once again at least twelve (12) months thereafter but no later than the expiration of this Decree, Defendant will provide all management employees with no fewer than two (2) hours of training on equal employment opportunity topics, including the requirements and prohibitions of the ADA, with such training to be provided by a qualified third-party consultant.

(a) The training will cover all areas of prohibited ADA discrimination, but will include special emphasis on reasonable accommodation and the duty to engage in an interactive process of identifying and providing reasonable accommodations. The training will include a component on outside resources that may be consulted in considering reasonable accommodations, including but not limited to the Equal Employment Opportunity Commission; the Job Accommodation Network (a service of the Office of Disability Employment Policy of the U.S. Department of Labor) and the Disability and Business Technical Assistance Centers.

The training will also address leave as a reasonable accommodation, emphasizing when possible leave should be provided, regardless of probationary status.

(b) Defendant will maintain attendance records identifying the name and job title of the attendees and non-attendees at each session. Within ten (10) days of the training, Defendant will forward to EEOC a copy of the attendance records from the training session.

(c) Within sixty (60) days from the entry of this Decree and within ten (10) days of the date of hire and/or promotion of newly hired managers and supervisory personnel, Defendant shall provide such personnel with ADA training. The training will be conducted live or in DVD/Video format.

## EQUITABLE RELIEF: POSTING OF NOTICE

13. Defendant shall post copies of the Notice attached as Exhibit A, in a conspicuous location at all of its facilities and in places where employee notices are normally posted. The Notice shall be posted throughout the duration of this Decree, with such period commencing within thirty (30) days of entry of this Decree by the Court. Such Notice shall be typed legibly using font sizes not smaller than those used in Exhibit A. If multiple pages are used for each such Notice, they shall not be displayed one page behind another but must be posted so that all pages are in order and simultaneously visible (i.e., in horizontal row or vertical column configuration). In addition, Defendant shall post all notices required by the ADA. In the event that any of aforementioned notices becomes defaced, marred or otherwise made unreadable, Defendant shall immediately post a readable copy of such notice(s).

## RETENTION OF JURISDICTION AND DISPUTE RESOLUTION

14. For the duration of the Decree, this Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree, including but not limited to monetary sanctions and injunctive relief.

15. Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree. Prior to such motion, the Commission shall notify the Defendant, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendant shall have thirty (30) days either to correct the alleged non-compliance, and so inform the Commission, or fourteen (14) days to deny the alleged non-compliance, in writing.

16. If and only if the parties cannot in good faith resolve their dispute, the Commission may file with the Court a motion to correct and remedy the alleged Decree violation.

17. Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Western District of Pennsylvania.

18. In the event the Commission has reasonable suspicion based on articulable facts that there has been a violation of this Decree, and upon submitting to Defendant a written request at least fourteen (14) days in advance, the Commission shall be entitled to require appearance and testimony of Defendant's personnel (at reasonable times and locations) at interviews or depositions, the production of relevant documents, or on-site inspection as is relevant and reasonably limited to investigate the alleged violation of this Decree. In the event Defendant submits to the Commission a written objection to the Commission's prior written request, the Commission may file a motion with the Court to compel the requested actions. The Commission's actions under this Paragraph shall not be construed to limit or impair in any

manner any other Commission authority to conduct investigations of the Defendant that is provided by law, including, but not limited to, investigating charges of discrimination filed under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Equal Pay Act ("EPA"), the Age Discrimination in Employment Act ("ADEA"), Titles I or V of the ADA, the Genetic Information Nondiscrimination Act of 2008 ("GINA"), and any statute over which the Commission is given jurisdiction in the future, and conducting directed investigations authorized under the EPA, the ADEA, and any future statute which authorizes directed investigations.

## GEOGRAPHIC SCOPE AND DURATION OF THE DECREE

19. This Decree shall become effective on the date of its entry by the Court ("Effective Date") and shall remain in effect until its expiration date, May 31, 2017; provided, however, that if, at the end of the Decree, any disputes under Paragraphs 15-18, above, remain unresolved, the duration of the Decree shall be automatically extended until final disposition of the dispute, but not later than six (6) months after the original expiration date. This Decree shall apply to all of Defendant's operations located in the United States and its territories and possessions.

## MISCELLANEOUS PROVISIONS

20. Each party to this Decree shall bear its own expenses, attorney's fees and costs.

21. The provisions of this Consent Decree shall be binding upon the present and future directors, officers, management employees, successors and assigns of Defendant. Defendant, and any successor(s) of Defendant, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

Case 2:14-cv-00527-MPK   Document 35   Filed 01/09/15   Page 9 of 12
Case 2:14-cv-00527-MPK   Document 34-1   Filed 01/08/15   Page 9 of 12

22. If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

23. When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant.

24. When this Decree requires the submission (a) by Defendant of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: U.S. Equal Employment Opportunity Commission, c/o Regina M. Andrew, Trial Attorney, Baltimore Field Office, 10 S. Howard Street, Suite 3000, Baltimore, MD 21201 and (b) by the EEOC if notice to Defendant, they shall be mailed to the Vice President Operations, Flowline Division, Ezeflow USA, Inc. (currently John T. Kuhn), 1400 New Butler Road, New Castle, PA 16107.

25. In the event that parties propose to make any modifications to this Decree by their mutual consent, they shall submit such proposed modifications to the Court by joint motion, and such modifications shall not be effective unless approved by order of the Court.

**APPROVED BY:**

**FOR DEFENDANT:**

Donald D. Gamburg, Esquire
Pa. I.D. No. 76855
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1735 Market Street, Suite 3000
Philadelphia, PA 19103
Telephone: 215.995.2818
Email: donald.gamburg@ogletreedeakins.com

Counsel for Defendant
EZEFLOW USA, Inc.

Dated: 1/7/2015

**FOR THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:**

P. DAVID LOPEZ
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

Debra M. Lawrence for
DEBRA M. LAWRENCE
REGIONAL ATTORNEY

Dated: 1/07/2015

_____  
JOHN T. KUHN  
Vice President Operation, Flowline Division  

Dated: 1/7/2015

_____  
RONALD L. PHILLIPS  
SUPERVISORY TRIAL ATTORNEY  

Dated: 1/07/2015

_____  
DEBORAH A. KANE  
SENIOR TRIAL ATTORNEY  
Pa. I.D. No. 92531  
Equal Employment Opportunity Commission  
1000 Liberty Avenue, Suite 1112  
Pittsburgh, PA 15222  
Telephone: (412) 395-5866  
Email: Deborah.kane@eeoc.gov  

Dated: 1/07/2015

_____  
REGINA M. ANDREW  
SENIOR TRIAL ATTORNEY  
Pa. I.D. No. 55517  
Equal Employment Opportunity Commission  
10 S. Howard Street, Suite 3000  
Baltimore, MD 21201  
Telephone: (410) 209-2724  
Email: regina.andrew@eeoc.gov  

IT IS SO ORDERED:

_____  
Honorable Maureen P. Kelly  
United States Magistrate Judge

January 9, 2015  
_____  
DATE

**EXHIBIT A**

## NOTICE TO ALL EZEFLOW USA, INC. EMPLOYEES

This Notice is being posted pursuant to a federal court order in the matter of *EEOC v. EZEFLOW USA, Inc.*, Civil Action No. 2:14-cv-527 (W.D. Pa.), resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC"), an agency of the United States Government, against EZEFLOW USA, Inc.

In its suit, the EEOC alleged that EZEFLOW USA, Inc. discriminated against an employee by subjecting him to discrimination on the basis of his disability.

To resolve the case and to avoid unnecessary litigation expenses and disruption to business, EZEFLOW USA, Inc. and the EEOC have entered into a Consent Decree which provides, among other things, that:

1) EZEFLOW USA, Inc. is prohibited by federal court order and federal law from discriminating against employees on the basis of disability, and it is specifically prohibited from using probationary employee status as a reason to deny unpaid leave to employees with disabilities who require such leave as reasonable accommodations for their disabilities, provided such leave does not create an undue hardship; and
2) EZEFLOW USA, Inc. is enjoined from retaliating against any person because (s)he requested and/or received relief in accordance with the Consent Decree or asserted any rights under the Consent Decree; and
3) EZEFLOW USA, Inc. will provide mandatory training to all management employees regarding disability discrimination, and EZEFLOW USA, Inc.'s policies regarding such discrimination.

The EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, sex, religion, national origin, or age. If you believe you have been discriminated against, or retaliated against for opposing or reporting discrimination, you have a right under federal law to contact the EEOC and report that discrimination or retaliation. EEOC can be reached at (800) 669-4000, TTY for the hearing impaired at (800) 669-6820, or via e-mail at info@eeoc.gov. The EEOC is a federal law enforcement agency and charges no fees to receive and investigate complaints.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted until May 31, 2017 and must not be altered, defaced or covered by any other material.**

_____     _____
Date                            For: EZEFLOW USA, Inc.